IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:22-CR-00222-SDJ-AGD |
| | § | |
| WALI MURPHY (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Wali Murphy's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on May 8, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer of the Federal Public Defender's Office. The Government was represented by Heather Rattan.

Defendant was sentenced on December 11, 2017, before The Honorable Irene M. Keeley of the Northern District of West Virginia after pleading guilty to the offense of Distribution of Heroin, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of I, was 46 to 57 months. Defendant was subsequently sentenced to 46 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment, no use or possession of alcohol, and no use or possession of any controlled substance without a valid prescription. On April 29, 2021, Defendant completed his period of imprisonment and began service of the supervision term. (Dkt. #18 at p. 1, Sealed).

REPORT AND RECOMMENDATION – Page 1

On September 9, 2022, jurisdiction was transferred from the Northern District of West Virginia to the Eastern District of Texas and assigned to The Honorable Sean D. Jordan, U.S. District Judge. (Dkt. #18 at p. 1, Sealed).

On October 19, 2022, Defendant's conditions of supervision were modified to include special conditions that he must participate in a cognitive-behavioral treatment program and not communicate, or otherwise interact, with an ex-girlfriend. (Dkt. #18 at p. 1, Sealed).

On May 3, 2024, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #16, Sealed). The Petition asserts that Defendant violated six (6) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance; (2) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (3) <u>Standard Condition</u> Defendant must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation office; (4) <u>Standard Condition</u> Defendant must live at a place approved by the probation officer. If Defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change; (5) <u>Standard Condition</u> If Defendant is arrested or questioned by a law enforcement officer, he must notify the probation officer within 72 hours; and (6) <u>Special Condition</u> Defendant must submit to substance abuse testing to determine if he has used a prohibited substance. He must not attempt to obstruct or tamper with the testing methods. (Dkt. #16 at pp. 1–5, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On April 4, 2023, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, TX, that tested positive for marijuana. The specimen was subsequently confirmed positive by Abbott Laboratories. On February 9, 2024, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, TX, that tested positive for marijuana. The specimen was subsequently confirmed positive by Abbott Laboratories. On March 5, 2024, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, TX, that tested positive for marijuana. He admitted to using marijuana and signed an admission form stating such. The specimen was subsequently confirmed positive by Abbott Laboratories. On April 10, 2024, Defendant submitted a urine specimen at the U.S. Probation Office in Plano, TX, that tested positive for marijuana. The specimen was subsequently confirmed positive by Abbott Laboratories; (2) On or about March 1, 2024, in Carrollton, Texas, Defendant did then and there commit the state jail felony of Credit Card or Debit Card Abuse, in violation of Texas Penal Code § 32.31. According to the offense report with the Carrollton Police Department, an employee at Priority Wire and Cable in Carrollton, where Defendant also worked, noticed that a total of $360 was transferred out of his medical debit card to a Cash App account. There were two transactions from the debit card, with both transfers going to the Cash App handle that started with "ADRI." While looking into the transfers, the victim spoke with his stepson, who is also an employee at the same location. This person told the victim that the cash app handle "ADRIMM2010" belonged to another co-worker [Defendant] and he knew this because he had received money from Defendant in the past using that same Cash App handle. He stated to the victim that the transfers showed up the same in his account as "ADRI." According to the offense report, the victim reported security cameras at his place of employment also captured Defendant going into the area where his wallet was located on February 2, 2022. The

victim believed Defendant took the $60 cash from his wallet and recorded the information from his debit card to use later. A supplemental report was added to the original report on March 19, 2024, after another employee at Priority Wire and Cable reported being a victim of credit card abuse. The second victim reported he routinely takes naps on his scheduled breaks while working at Priority Wire and Cable. He reported that towards the beginning of November 2023, he was on a break and unknowingly had his wallet fall from his pocket. The victim stated the wallet, and all its contents were returned to him later in the day by an employee. He stated since the wallet was returned with the contents, he did not think much about it. However, starting on November 14, 2023, he observed payments being transferred from his medical debit card to a Cash App account. The transfers of money continued for two more days, until the victim closed his account. The amount of money transferred over the three days for sixteen transactions was a total of $770.00. At the time, the victim did not make a police report because he contacted Bank of America directly to dispute the charges and the full amount was returned to him. The victim reported it was not until he spoke with the other victim at his place of employment and identified Defendant as the suspect, that he decided to contact law enforcement to report the credit card abuse. The victim reported all the sixteen transactions were sent to the Cash App profile, "ADRI." The victim completed a Credit Card Abuse Affidavit and provided transaction history information, bank statements, and screenshots showing the Cash App transactions to account "ADRI." The second victim confirmed he wanted to proceed with charges against Defendant for using his medical debit card to transfer funds to the Cash App account and never had permission to do so. On April 2, 2024, a warrant for arrest was filed at large by the Dallas County Sheriff's Office on Mr. Murphy for Credit Card or Debit Card Abuse; (3) On or about March 2, 2024, Defendant was in Mansfield, Texas where he was involved in a domestic dispute with his now ex-girlfriend. This incident required law

enforcement to respond on behalf of the victim. While Defendant had permission to be in Bedford, Texas due to his current living situation, he did not have permission to be in Mansfield, which is located in the Northern District of Texas (4) On February 9, 2024, the probation officer contacted Defendant by telephone after being notified of Defendant's positive drug test earlier that day. During the call, Defendant admitted that he had been homeless for the past 3 months and intentionally kept it from his probation officer. Defendant stated that he had been living out of his car but stayed outside his mother's apartment and went inside to use the restroom or take a shower. It should be noted that his mother's residence is his approved address. Defendant stated that his minor daughter is still living with his mother, but there was not room for him in the apartment, and his mother wanted her space. Defendant went on to state that he knew he should have been upfront with his probation officer and there was no excuse for hiding it. Defendant stated that he also stayed at his brother's home in The Colony some nights, and he would also get a motel room in the area from time to time; (5) On June 4, 2022, Defendant was involved in a traffic stop by The Colony, Texas Police Department. He was contacted on July 5, 2022, to discuss this contact and he admitted that he did not report it to the probation officer because the police officer told him she was not going to run his name. As such, Defendant failed to notify his probation officer of his contact with The Colony Police Department. On August 26, 2022, the U.S. Probation Office learned that Defendant was being investigated by the Fort Worth Police Department in Fort Worth, Texas for felony family violence assault involving impeding breath or circulation. In a follow-up offense report provided by the Fort Worth Police Department, a detective later contacted Defendant after reviewing the report and 911 audio. Defendant provided a statement and stated that his ex-girlfriend was throwing things at him and hitting him first. Defendant failed to notify his probation officer of his contact with the Fort Worth Police Department; and (6) Defendant

failed to report for drug testing at Addiction Recovery Center in Lewisville, Texas on July 1, 2021, and August 12, 2023, as part of the U.S. Probation Office's random drug testing program. (Dkt. #16 at pp. 1–5).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1 and 3–6 of the Petition. The Government moved to dismiss allegation 2. Having considered the Petition and the plea of true to allegations 1 and 3–6, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of seven (7) months, with no term of supervised release to follow.

The court recommends that allegation two (2) in the First Amended Petition be dismissed. The court also recommends that Defendant be housed in a Bureau of Prisons facility in the Fort Worth, Texas area, if appropriate.

**SIGNED this 31st day of May, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE